**Yuri KUKLACHEV, Dmitri Kuklachev, Plaintiffs–Cross–Defendants–Appellees,**

**v.**

**Mark GELFMAN, Gelfman International Enterprises, Inc., Yanis Gelfman, Defendants–Cross–Defendants–Appellants,**

**Tribeca Performing Arts Center, Ticketmaster.com, Wilkins Theatre at Kean University, John Hancock Hall, Gwinnett Center, Seattle Repertory Theatre, Companies A–Z, Tillinger's Concierge, Inc., Defendants–Cross–Claimants,**

Palace of Fine Arts, Onlineseats.com, Vladimir Krasnolozhkin, Vladimir Anisimov, Dmitry Krassotkine, Napa Valley Opera House, La's Wilshire Ebell's Theater, Yuri Potoski, Michael Zlotnikov, Andrey Yankovis, Stanislav Nemoy, John Does 1–100, State of New Jersey, State of New Jersey ex rel Wilkins Theatre at Kean University, Defendants.

No. 09–0349–cv.

United States Court of Appeals, Second Circuit.

Oct. 16, 2009.

Clifford Y. Chen (Stephanie F. Bradley, Adam Francois Watkins, on the brief), Watkins, Bradley & Chen LLP, New York, N.Y. (Julia Paskalova, Gary Tsirelman, Gary Tsirelman, P.C., Brooklyn, NY, on the brief), for Plaintiffs–Cross–Defendants–Appellees.

James F. Woods, Woods & Lonergan LLP, New York, N.Y. (George R. McGuire, Clifford G. Tsan, Bond, Schoeneck & King, PLLC, Syracuse, NY, on the brief), for Defendants–Cross–Defendants–Appellants.

PRESENT: JOSÉ A. CABRANES, ROBERT D. SACK, Circuit Judges, and JED S. RAKOFF, Judge.*

* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District

## SUMMARY ORDER

Defendants–Cross–Defendants–Appellants Mark Gelfman, Gelfman International Enterprises, Inc., and Yanis Gelfman ("defendants") appeal from the District Court's memorandum and order entered December 22, 2008, which granted Plaintiffs–Cross–Defendants–Appellees Yuri and Dmitri Kuklachev's ("plaintiffs") motion for a preliminary injunction barring defendants from using the words "Moscow Cat Theatre," "Moscow Cats Theatre," or any confusingly similar name in connection with performances. On appeal, defendants argue that the District Court erred in the following respects: (1) by concluding that plaintiffs' delay of approximately 18 months in seeking an injunction did not preclude a showing of irreparable harm; (2) by not holding an evidentiary hearing to resolve disputed issues of fact; (3) by improperly finding that plaintiffs (a) owned the mark in question based on prior use and (b) did not abandon that mark; and (4) by not imposing geographic limits on the injunction or requiring a more substantial bond. We assume the parties' familiarity with the factual and procedural history of the case.

We review the District Court's grant of a preliminary injunction for abuse of discretion. *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 116 (2d Cir. 2009); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir.2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (internal citations, alterations, and quotation marks omitted)).

We hold that the District Court did not err in finding that plaintiffs' delay was

of New York, sitting by designation.

excusable based, in part, on "the need to investigate the nature of the infringement and to explore what legal recourse was possible" and further because of "the difficulty of locating suitable attorneys in the United States and also by the absence of immediate threat of harm, given that there were no shows scheduled after January 2008." *Kuklachev v. Gelfman*, 629 F.Supp.2d 236, 251 (E.D.N.Y.2008). We also find no error in the remaining determinations of the District Court that defendants challenge. Substantially for the reasons stated in the District Court's thorough and careful memorandum and order entered December 22, 2008, *Kuklachev*, 629 F.Supp.2d 236, the order of the District Court is **AFFIRMED**.